UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUINETTE HARRISON,

                                    Plaintiff,

                    -against-

DR. DOUGLAS KANER, D & R
PHYSICIANS; DR. JOHN DOE, D & R
PHYSICIANS; DENEFITS, LLC,

                                    Defendants.

23-CV-0944 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681. By order

dated February 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP),

that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff

leave to file an amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following factual allegations are drawn from the amended complaint, which names as Defendants Dr. Douglas Kaner and Dr. John Doe, both of D & R Physicians, and Denefits, LLC. On an unspecified date, Plaintiff got lost on her way to Dr. Kaner's office, presumably for an appointment for treatment. Plaintiff "hysterically" called that office, apparently to cancel the appointment, and explained that one of her siblings had just passed away, and she needed to organize the funeral. (ECF 3 ¶ I.) It is not completely clear what happened next, but Plaintiff alleges that she incurred a medical debt and was subjected to "constant harassment on [her] cell phone," and that her "info was compromised." (*Id.* ) In December 2022, Plaintiff applied for a

"personal loan," which was denied due to "unlawful[] tactics" and fraud. Plaintiff seeks to have negative information removed from her credit reports, and money damages. (*Id.* at 6.)

An attachment to the complaint indicates that the amount of the debt at issue is approximately $23,000. (*Id.* at 10.) Plaintiff alleges that she resides in New York, that Denefits, LLC resides in California, and that the medical defendants reside in New Jersey.

## DISCUSSION

### A.   Federal claims

  1.   The Fair Debt Collection Practices Act ("FDCPA")

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own, as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the

hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Plaintiff has failed to allege sufficient facts to state a claim under the FDCPA. Plaintiff names as Defendants Denefits, LLC; Dr. Kaner; Dr. Doe; and D & R Physicians, but she does not specify who engaged in the alleged conduct. Insofar as Kaner, Doe, and D & R Physicians may have attempted, under their own names, to recoup a debt owed to them, they do not qualify as debt collectors under the FDCPA. *See* Section 1692a(6) *Henson*, 137 S. Ct. 1718. The Court grants Plaintiff leave to allege facts regarding the conduct of Denefits, LLC, and the manner in which it violated the FDCPA.

2.    Fair Credit Reporting Act ("FCRA")

The FCRA, 15 U.S.C. § 1681 *et seq*, governs the obligations of entities furnishing information to credit reporting agencies. The FCRA imposes two duties on furnishers of information, which are codified at 15 U.S.C. §§ 1681s–2(a) and (b): Subsection (a) relates to the furnishers' duty to report accurate information to a consumer reporting agency and their ongoing duty to correct inaccurate information; subsection (b) governs the furnishers' duty once notice is received from a consumer reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency.

District courts in this Circuit have held that an individual consumer can bring suit only for violations of Section 1681s–2(b). *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010) ("No private right of action exists for violations of § 1681s–2(a) because this provision 'shall be enforced exclusively' by government officials"); *see also Moore v. U.S. Dep't of Educ.*, 457 F. App'x 10, 12 (2d Cir. 2011) ("While this court has not addressed the issue, a

number of our sister circuits as well as district courts in this circuit have similarly concluded that 15 U.S.C. § 1681s–2(a) affords no private right of action.").

Plaintiff may sue for either willful or negligent noncompliance with Section 1681s–2(b), which requires furnishers of credit information to investigate and report alleged inaccuracies in credit information after receiving notice from a credit agency of a consumer dispute. *Barberan*, 706 F. Supp. 2d at 427 n. 12. However, "unless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under [Section ] 1681s–2(b)." *Id.* (citing *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005) ("Notice from an individual consumer, in the absence of notice from a credit reporting agency, is insufficient to trigger the duties contained in Subsection (b).")); *see also Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 306 (E.D.N.Y. 2014) (holding that plaintiff did not state a claim under Section 1681s–2(b) where he "failed to plausibly allege that Ridgewood received notice of Plaintiff's dispute from a consumer reporting agency").

Here, Plaintiff does not allege that Defendants furnished inaccurate information about her debt to consumer reporting agencies, that she reported the inaccuracy, or that Defendants failed to investigate after being notified by a consumer reporting agencies of an alleged inaccuracy. Plaintiff thus fails to state a claim upon which relief can be granted under Section 1681s–2(b), which is the only subsection that provides a private right of action for an individual to sue a furnisher of information. The Court grants Plaintiff leave to file an amended complaint to provide any additional facts in support of a claim under the FCRA.

**B.**   **State Law Claims**

Plaintiff's allegations could also arguably give rise to claims under state law. It is not clear from the facts alleged, however, that the Court has subject matter jurisdiction of any such claims if all the federal claims are dismissed.

1.   Diversity of Citizenship Jurisdiction

To assert state law claims under diversity jurisdiction, 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, a document attached to Plaintiff's pleading indicates that the amount in controversy is less than $75,000, which does not meet the statutory jurisdictional amount.

Moreover, it is not clear that diversity of citizenship is complete. "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948. "In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home." *LoCurto v. LoCurto*, No. 07-CV-8238 (NRB), 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008). Plaintiff appears to allege that she is a citizen of New York, and that the medical defendants are citizens of New Jersey, but she fails to adequately plead the citizenship of Denefits, LLC.

A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiff provides a California address for Denefits, LLC, but she does not plead facts that establish the identity of each member of the limited liability company or each member's citizenship. Without this information, the Court cannot determine the citizenship of Denefits, LLC. Plaintiff thus has not met her burden of demonstrating that the Court has subject matter jurisdiction of this action. The Court grants Plaintiff leave to provide facts showing that diversity jurisdiction exists.

2.      Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction of state-law claims once it has dismissed all of the federal claims of which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Because it is not clear that Plaintiff can state any federal claim, the Court will determine at a later time whether to exercise supplemental jurisdiction of any state-law claims Plaintiff seeks to raise in any amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear that amendment would be futile, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0944 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 17, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                Middle Initial      Last Name

_____
Street Address

_____
County, City                    State           Zip Code

_____
Telephone Number             Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                       Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                       Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                       Zip Code

Defendant 4: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
