UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUINETTE R. HARRISON,

                      Plaintiff,

            -v.-

KANER et al,

                      Defendants.

23 Civ. 0944 (JHR)

ORDER OF DISMISSAL

---

JENNIFER H. REARDEN, District Judge:

      As detailed in the Court's October 22, 2024 Order to Show Cause, *see* ECF No. 23, Plaintiff Guinette R. Harrison, proceeding *pro se*, filed this Fair Credit Reporting Act case on February 3, 2023. ECF No. 1. Plaintiff amended the Complaint on February 6, 2023, ECF No. 3, and again on October 2, 2023 (Second Am. Compl.), ECF No. 10. Defendant Denefits, LLC ("Defendant") was served with process on December 22, 2023. ECF No. 16.[1] Its answer was therefore due on January 12, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

      On February 7, 2024, the Court ordered Plaintiff to "move for a default judgment against Defendant or show cause why this action should not be dismissed for failure to prosecute" by February 28, 2024. ECF No. 17 at 1. Additionally, Plaintiff was directed to serve a copy of that Order on Defendant by February 14, 2024 and to file proof of such service on the docket. *Id.* at 2. On February 28, 2024, Glenn R. Meyers appeared on behalf of Plaintiff as counsel of record, ECF No. 18, and sought a two-week extension of Plaintiff's time to move for a default judgment, ECF No. 19. Magistrate Judge Stein granted the requested extension, adjourning the February 28 deadline to March 13, 2024. ECF No. 20.

---

[1] Plaintiff did not name any of the other original Defendants in the Second Amended Complaint.

On July 29, 2024, more than four months after the March 13, 2024 deadline, Plaintiff again requested additional time to seek a default judgment. *See* ECF No. 21. The Court again granted Plaintiff's request, extending the deadline to November 5, 2024. *See* ECF No. 23. The Court also "**warned that failure to submit a proper motion for a default judgment by this deadline [would] result in dismissal of this case without further notice**" and directed that, "within one week of the date of this Order, Plaintiff shall serve a copy of this Order and ECF No. 17 on Defendant via overnight courier." *Id.* (citing Fed. R. Civ. P. 41). These dates passed without any action by the parties.

It was not until November 11, 2024 that Plaintiff first attempted to file a proposed certificate of default, *see* ECF No 25, and not until November 14, 2024 that Plaintiff filed a valid certificate. *See* ECF Nos 31, 33. Plaintiff still has not submitted a "proper motion for default judgment" as required under this Court's February 7, 2024 Order to Show Cause, *see* ECF No. 17, and October 22, 2024 Order to Cause, *see* ECF No. 23; *see also* ECF No. 20 (extending Plaintiff's "time to respond to the February 7, 2024 Order to Show Cause by moving for default judgment").

Under these circumstances, when a court has afforded a plaintiff "several chances" to prosecute her case and "Plaintiff has failed to take those opportunities," dismissal for failure to prosecute is appropriate. *Jones v. New York City Dep't of Corr.*, No. 21 Civ. 2145 (MKV), 2024 WL 4026167, at *4 (S.D.N.Y. Sept. 3, 2024). Accordingly, under Federal Rule of Civil Procedure 41(b) and the Court's inherent power, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962), the Court hereby dismisses this case, without prejudice, for failure to prosecute.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 26, 2024

New York, New York

                                                                         */s/ Jennifer H. Rearden*
                                                                         JENNIFER H. REARDEN
                                                                         United States District Judge