USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUINETTE R. HARRISON,

Plaintiff,

-v.-

DOUGLAS KANER et al.,

Defendants.

23 Civ. 944 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 40, to vacate the November 26, 2024 Order dismissing this case for failure to prosecute, ECF No. 34.[1] For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiff Guinette R. Harrison, proceeding *pro se*, filed this Fair Credit Reporting Act case on February 3, 2023. ECF No. 1. Plaintiff amended the Complaint on February 6, 2023, ECF No. 3, and again on October 2, 2023, ECF No. 10 (Second Am. Compl.). On October 16, 2026, the Court referred the matter to Magistrate Judge Gary Stein for general pretrial purposes. ECF No. 13. Defendant Denefits, LLC ("Defendant") was served with process on December 22, 2023. ECF No. 16.[2] Defendant's answer was therefore due on January 12, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendant did not answer, however, or otherwise appear.

[1] Plaintiff appears to have filed identical motions at ECF No. 36 (on February 24, 2026) and ECF No. 40 (on February 25, 2026). The docket text associated with ECF No. 40 states that it "[r]eplaces [m]isfiling at Dkt No 36," thereby rendering ECF No. 40 the operative motion.

[2] In the Second Amended Complaint, Plaintiff only named Denefits, LLC. She did not name any of the other original Defendants.

On February 7, 2024, the Court ordered Plaintiff to "move for a default judgment against Defendant or show cause why this action should not be dismissed for failure to prosecute" by February 28, 2024. ECF No. 17 at 1. Plaintiff was also directed to serve a copy of that Order on Defendant by February 14, 2024 and to file proof of service on the docket. *Id.* at 2. On February 28, 2024, Glenn R. Meyers appeared on behalf of Plaintiff as counsel of record, ECF No. 18, and sought a two-week extension of Plaintiff's time to move for a default judgment, ECF No. 19. Judge Stein granted the requested extension, adjourning the February 28 deadline to March 13, 2024. ECF No. 20.

On July 29, 2024, more than four months after the March 13, 2024 deadline and five months after the original deadline had passed, Plaintiff again requested additional time to seek a default judgment. *See* ECF No. 21. On October 22, 2024, the Court again granted Plaintiff's request, extending the deadline to November 5, 2024. *See* ECF No. 23. At that point, Plaintiff had been afforded nine months to move for a default judgment. The Court also "**warned that failure to submit a proper motion for a default judgment by this deadline [would] result in dismissal of this case without further notice**" and directed that, "within one week of the date of this Order, Plaintiff shall serve a copy of this Order and ECF No. 17 on Defendant via overnight courier." *Id.* (citing Fed. R. Civ. P. 41).[3] Those dates passed without any action by either party.

Plaintiff did not attempt to file a proposed certificate of default until November 11, 2024, ECF No. 25, and belatedly filed a valid certificate of default on November 14, 2024, *see* ECF

[3] On October 23, 2024, because "no counsel ha[d] appeared on behalf of Defendant Denefits, LLC," the Court issued an order explaining that, as a "corporate entity," Defendant could "appear in federal court only through a licensed attorney." ECF No. 24 (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)). The October 23, 2024 Order thus directed Defendant to "file a notice of appearance via counsel by November 22, 2024." ECF No. 24. This Order did not alter Plaintiff's deadline under the October 22, 2024 Order, ECF No. 23, to move for a default judgment by November 5, 2024.

Nos. 31, 33. Plaintiff never filed a "proper motion for default judgment" as required under this Court's February 7, 2024 Order to Show Cause and subsequent orders allowing extensions. ECF Nos. 17, 20, 23. Because the Court had given Plaintiff "several chances" to prosecute her case, and "Plaintiff [] failed to take those opportunities," the Court dismissed this action without prejudice on November 26, 2024 for failure to prosecute. ECF No. 34 (citing Fed. R. Civ. P. 41(b); *Jones v. New York City Dep't of Corr.*, No. 21 Civ. 2145 (MKV), 2024 WL 4026167, at *4 (S.D.N.Y. Sept. 3, 2024)).

On February 25, 2026, approximately 15 months after the Court dismissed this case, Plaintiff filed the instant motion. ECF No. 40.

## III. DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a district court to grant relief from a final judgment, order, or proceeding for any of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) "provides 'extraordinary judicial relief' and should be granted 'only upon a showing of exceptional circumstances.'" *Hylton v. Hastens Beds, Inc.*, No. 19 Civ. 662 (VSB), 2025 WL 3535063, at *2 (S.D.N.Y. Dec. 10, 2025) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Accordingly, "courts in this circuit require that the evidence in support of the motion be 'highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result.'" *Id.* (quoting *Scott v. Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004)). Further, "[a] motion seeking such relief is addressed to the sound discretion of the district court," and "a Rule 60(b)

motion may not be employed to relitigate the merits of a case." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

Plaintiff seeks relief pursuant to Rule 60(b)(1) based on "excusable neglect," and specifically, on counsel's "clerical errors or law office failures." ECF No. 41 at 2. She also seeks relief under Rule 60(b)(6) based on "extraordinary circumstances," namely, "the difference in outcomes for Plaintiff, should the Court not reopen the action." *Id.* at 3.[4]

**A. Rule 60(b)(1)**

Rule 60(b)(1) provides that a court may "relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In considering motions under Rule 60(b)(1), courts in this Circuit must apply the *Pioneer* factors: (1) the "'danger of prejudice' to the non-moving party," (2) the "length of the delay [in filing a motion to vacate and/or in prosecuting the case] and its potential impact on judicial proceedings," (3) the "reason for the delay, including whether it was within the reasonable control of the movant," and (4) "[w]hether the movant acted in good faith." *William v. City of New York*, 727 F. App'x 30, 31-32 (2d Cir. 2018) (summary order) (quoting *Pioneer Inv. Servs.*

[4] In addition, Plaintiff asserts that Rule 61 "supports the vacating of the order of dismissal" based on the "difference in outcomes for Plaintiff, should the Court not reopen the action." ECF No. 41 at 3. Rule 61 provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61. Rule 61 simply "places a harmless error caveat on Rule 60(b)," such that "the error must have been prejudicial [and] must have affected the outcome" in order to justify relief from judgment under Rule 60(b). *Gilmore v. District of Columbia*, No. 17 Civ. 1046 (TSC), 2024 WL 1833878, at *2-3 (D.D.C. Apr. 26, 2024). It does not provide a standalone basis for vacating a dismissal for failure to prosecute when Rule 60(b) has not been satisfied. In any event, Plaintiff does not identify any "errors or defects . . . affect[ing] [her] substantial rights."

*Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (holding that district court abused its discretion by not discussing *Pioneer* factors in resolving Rule 60(b)(1) motion); *see Hylton*, 2025 WL 3535063, at *3 ("examining the reason for [p]laintiff's delay in filing [the] motion [to vacate] and her delays in prosecuting [the] case"). Of those factors, "the third factor—the reasons for the delay . . . predominates, and the other three are significant only in close cases." *Watts-Devine v. United States*, 616 F. App'x 9, 11 (2d Cir. 2015) (summary order) (affirming denial of plaintiff's motion to vacate order of dismissal for failure to prosecute based on third *Pioneer* factor); *see also Bautista v. TAP Air Portugal*, No. 24 Civ. 503 (JLR), 2025 WL 1224799, at *3-6 (S.D.N.Y. Apr. 28, 2025) (denying Rule 60(b)(1) motion to vacate order of dismissal based primarily on the "reason for the delay" factor, citing "Plaintiff's willful disregard of the Court's repeated orders to appear and litigate").

Importantly, "[r]eliance on Rule 60(b)(1) is foreclosed by Rule 60(c)(1)" where the motion is made "more than a year after the entry of the judgment or order or the date of the proceeding." *Hylton*, 2025 WL 3535063, at *3 (noting that the "one-year limitations period is absolute"); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Thus, Plaintiff's request for relief pursuant to Rule 60(b)(1) more than a year after the Court dismissed this case is untimely. ECF No. 34 (order of dismissal dated November 26, 2024); ECF No. 40 (motion to vacate dated February 25, 2026); *see* Fed. R. Civ. P. 60(c)(1); *Hylton*, 2025 WL 3535063, at *3.

Even assuming the motion is not time-barred under Rule 60(c)(1), Plaintiff fails to satisfy the *Pioneer* factors. Plaintiff contends that the "reason for the delay" is "excusable neglect," specifically "law office failure" based on counsel's "inexperience[] in the procedures in the US District Courts" and "lack[] [of] a large staff." ECF No. 41 at 2. "The negligence of a party's

attorney," however, "is insufficient to justify vacatur under Rule 60(b)(1)." *Zeng v. Chell*, No. 19 Civ. 3218 (JGK), 2025 WL 1939026, at *4 (S.D.N.Y. July 15, 2025) (concluding that counsel's "failure to use information obtained in discovery to oppose summary judgment" did not constitute "excusable neglect" and denying plaintiff's motion to vacate), *appeal dismissed*, No. 25-1956, 2026 WL 361004 (2d Cir. Jan. 15, 2026); *McGowan v. Stanley*, No. 22 Civ. 6971 (DLC), 2024 WL 1116310, at *2 (S.D.N.Y. Mar. 13, 2024) (determining that "[w]here a party or attorney 'fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect'" and denying plaintiff's motion to vacate); *see Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (noting that the Second Circuit has "consistently declined to relieve a client under subsection [60(b)](1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'").

Plaintiff was afforded "several chances" to prosecute her case and given clear warnings that "**failure to submit a proper motion for a default judgment by [November 5, 2024] w[ould] result in dismissal of this case without further notice**." ECF No. 23 (order granting extension request filed by Plaintiff more than four months after the original deadline); *see Rosa v. Dovenmuehle Mortg. Inc.*, 96 F. App'x 32, 34 (2d Cir. 2004) ("[F]ailure to follow the clear and unambiguous language contained in a district court order will generally not constitute [] excusable neglect."); *Hylton*, 2025 WL 3535063, at *5 (plaintiff's inability to access the ECF system and failure "to abide by [the court's] warning order, which clearly started that [p]laintiff must file her reply by April 22, 2025 or the case might be dismissed due to [p]laintiff's failure to prosecute," did not constitute excusable neglect under Rule 60(b)(1)); *Bautista*, 2025 WL 1224799, at *5 ("Plaintiff's willful disregard of the Court's repeated orders to appear and litigate this case does not support a finding of excusable neglect."); *Williams v. New York City Dep't of*

*Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (declining to excuse *pro se* plaintiff's neglect and denying motion under Rule 60(b)(1) and (6) where plaintiff had been "given clear warnings that failure to comply with discovery orders would result in the dismissal of her case").

Nor do the remaining *Pioneer* factors favor Plaintiff. First, in evaluating the "danger of prejudice to the non-moving party," courts typically consider whether the moving party's delay "result[ed] in the loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion." *Hylton*, 2025 WL 3535063, at *5 (citation omitted). Here, this factor is neutral, as Defendant did not ever appear, much less attempt to defend this lawsuit. *See* ECF Nos. 17, 20, 23, 24.

Second, the "length of the delay" weighs against vacating the Court's dismissal order. Plaintiff failed to comply with the Court's February 7, 2024 Order to Show Cause for nearly nine months, despite multiple extensions, *see* ECF Nos. 17, 20, 23, and then failed to "communicate with the Court at all for more than a year" after the Court dismissed her case for failure to prosecute, *Hylton*, 2025 WL 3535063, at *6; *see* ECF Nos. 34, 36, 40.

The final factor, "whether the movant acted in good faith," also "counsels in favor of denying relief" because "Plaintiff ignored repeated orders from the Court and has not diligently pursued this action at any time." *Bautista*, 2025 WL 1224799, at *5. On balance, "the length of the delay in bringing this application"—more than a year after the Court dismissed the case without prejudice for failure to prosecute—"and the fact that such delay was within the reasonable control of the movant[] outweigh the other factors." *McGowan*, 2024 WL 1116310, at *2.

**B. Rule 60(b)(6)**

"Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time

and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Hylton*, 2025 WL 3535063, at *3 (quoting *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023)). Rules 60(b)(1) and 60(b)(6) "are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *McGowan*, 2024 WL 1116310, at *3 (quoting *Mandala*, 88 F.4th at 359). Thus, "where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* What's more, "relief under Rule 60(b)(6) is only available in 'extraordinary circumstances.'" *Hylton*, 2025 WL 3535063, at *3. "To qualify for [such] relief," a movant must (1) "set forth 'highly convincing material' in support of his motion," (2) "show good cause for failing to act sooner," and (3) "show that granting the motion will not impose an undue hardship on the other party." *Bautista*, 2025 WL 1224799, at *6 (citations omitted).

Because "[P]laintiff['s] motion is premised on 'grounds fairly classified' as Rule 60(b)(1) grounds"—namely, excusable neglect based on counsel's mistakes—"relief under Rule 60(b)(6) is foreclosed." *McGowan*, 2024 WL 1116310, at *3 (denying motion to modify judgment under Rule 60(b)(6) where Plaintiff sought relief based on "grounds fairly classified as mistake, inadvertence, or neglect," including "error by the attorney"); *see also Hylton*, 2025 WL 3535063, at *7 (denying motion to vacate judgment under Rule 60(b)(6) based on alleged "extraordinary circumstances prevent[ing] timely participation in the litigation," including "international travel, technical difficulties, and lack of notice," because that conduct fell within Rule 60(b)(1)).

In any event, "Plaintiff has not demonstrated the existence of extraordinary circumstances warranting relief under Rule 60(b)(6)." *Bautista*, 2025 WL 1224799, at *6. Plaintiff cites only the "difference in outcomes for Plaintiff, should the Court not reopen the action." ECF No. 41 at 3. But "[t]he fact that [plaintiff] disagrees with the result is not . . . an 'extraordinary

circumstance' justifying relief under [Rule] 60(b)(6)." *Franza v. Stinson*, No. 98 Civ. 5484 (LAK) (AJP), 2006 WL 2683023, at *1 (S.D.N.Y. Sept. 19, 2006), *report and recommendation adopted,* 2006 WL 2819804 (S.D.N.Y. Oct. 3, 2006). In short, Plaintiff was afforded "several chances" to prosecute her case and was given clear warnings that "**failure to submit a proper motion for a default judgment . . . w[ould] result in dismissal of this case without further notice**." ECF Nos. 17, 20, 23; *see* ECF No. 34. Moreover, Plaintiff waited more than a year after her case was dismissed—without prejudice—before taking further action. ECF No. 40. Beyond counsel's "clerical errors or law office failures," ECF No. 41 at 2, Plaintiff has proffered no explanation for her failure to prosecute this case or take action any sooner, much less "highly convincing" evidence in support of her motion, *Bautista*, 2025 WL 1224799, at *6. Plaintiff has thus failed to demonstrate "'extraordinary circumstances' or 'extreme hardship' that might justify reconsideration" under Rule 60(b)(6). *Bautista*, 2025 WL 1224799, at *6.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the November 26, 2024 order of dismissal is DENIED. The Clerk of Court is directed to terminate ECF Nos. 36 and 40.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge